IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARK J. PENTLAND, )
        Plaintiff, )
)
-vs- ) Civil Action No. 2:19-1263
ANDREW SAUL, COMMISSIONER OF )
SOCIAL SECURITY, )
)
        Defendant. )

AMBROSE, Senior District Judge

## MEMORANDUM OPINION AND ORDER

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") pursuant to the Social Security Act ("Act"). [ECF No. 4]. Plaintiff's application was denied by an Administrative Law Judge on May 30, 2017. [ECF No. 9-1, Ex. 1]. Plaintiff filed a Request for Review with the Appeals Council. Id., Ex. 2. On August 23, 2018, the Appeals Council denied the request for review. Id., Ex. 3. Plaintiff requested an extension of time to file a civil action, but then filed a timely action on October 22, 2018 in this Court before the Appeals Council ruled on his request. Id., Ex. 4; see also Pentland v. Berryhill, 2:18-CV-1408-DWA (W.D. Pa. 2018). In that case, Plaintiff initially represented himself, but his counsel entered his appearance shortly thereafter on November 14, 2018. See Pentland v. Berryhill, 2:18-CV-1408-DWA, ECF No. 5. On May 13, 2019, I dismissed Plaintiff's case without prejudice for failure to serve, after neither Plaintiff nor his counsel served the Complaint or responded to a show cause order regarding the same. [ECF No. 9-1, Ex. 5]. Plaintiff filed the instant action on October 1, 2019. [ECF No. 1]. Plaintiff is proceeding in this case *pro se*, *in forma pauperis*. [ECF Nos. 1, 3].

Pending before the court is Defendant's Motion to Dismiss Plaintiff's Complaint as untimely. [ECF No. 8]. Section 405(g) of the Act explains the time frame for filing a civil action as follows:

1

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

42 U.S.C. § 405(g). The sixty-day appeal period presents a statute of limitations, rather than a jurisdictional requirement. Kramer v. Comm'r of Soc. Sec., 461 F. App'x 167, 169 (3d Cir. 2012). In addition, the appeal period constitutes a waiver of sovereign immunity, which is to be strictly construed. Bowen v. City of New York, 476 U.S. 467, 479 (1986).

In this case, the Appeals Council letter denying Plaintiff's request for review was dated August 23, 2018. With the five additional days for mailing, Plaintiff was required to commence a civil action by October 27, 2018. Although Plaintiff's initial cause of action at Case No, 18-1408 was timely filed, that Complaint was dismissed on May 13, 2019 for failure to serve. Plaintiff did not file the instant action until October 1, 2019 – almost one year after the 60-day deadline. [ECF No. 1]. There is no indication that Plaintiff made any additional requests for extension of time prior to his October 1, 2019 filing.

Given the procedural posture of the case as listed above, there is no question that this action was untimely commenced. A statute of limitations period may be equitably tolled, however, "'(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.'" Kramer, 461 F. App'x at 169-70 (quoting Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir.1994)). None of these circumstances appear to exist in the record. As such, I find that the doctrine of equitable tolling does not apply.

In his response to Defendant's Motion, Plaintiff argues that equitable tolling is justified because "there was an apparent flaw in communications" between the Court and Plaintiff's then-counsel Jeffrey Wasak "which led to the dismissal of Plaintiff's initial Complaint [at Case No. 18-1408]." [ECF No. 12, at 2-3]. Specifically, Plaintiff alleges (1) that when he filed his Complaint at

Case No. 18-1408, the Clerk's Office told him that it would take care of issuing a summons and (2) that Attorney Wasak did not receive a copy of this Court's show cause order directing him to show good cause for failure to serve. Id. These arguments are unpersuasive.

First, although Plaintiff filed his Complaint *pro se*, Attorney Wasak entered his appearance only three weeks later, leaving him plenty of time to serve the Complaint within the time limits prescribed by Rule 4. Moreover, contrary to Plaintiff's assertion in his response, the electronic receipt related to my April 2, 2019 Order to Show Cause shows that notice of the Order was electronically mailed to Mr. Wasak at his email address on record with the ECF system. Pentland v. Berryhill, 2:18-CV-1408-DWA, ECF No. 6, Receipt. The show cause order also reflects that the Court attempted unsuccessfully to reach Mr. Wasak telephonically regarding service. Id. In any event, even if circumstances surrounding the dismissal of Plaintiff's case at 18-1408 would have justified granting him an additional 60 days to file another civil action, Plaintiff did not file the instant action until almost *five months* later. Plaintiff has not alleged any circumstances (and I can conceive of none) that would justify equitable tolling of the 60-day requirement for filing a civil action for this inordinate amount of time.

It is axiomatic that the submissions of *pro se* litigants must be viewed liberally, and I have so viewed Plaintiff's submissions. Nonetheless, a *pro se* litigant is not excused, merely by virtue of being uncounseled or mistaken about the law, from complying with statutes of limitations. Joseph v. Colvin, No. 15-124, 2015 WL 5177771, at *1 (W.D. Pa. Sept. 4, 2015). Even given Plaintiff's *pro se* status, I am bound to follow applicable regulations and law, which require under the circumstances that his Complaint be dismissed. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK J. PENTLAND, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) Civil Action No. 2:19-1263 |
| ANDREW SAUL, COMMISSIONER OF SOCIAL SECURITY, | ) ) ) ) |
| Defendant. | ) |

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 31st day of March, 2020, it is ordered that Defendant's Motion to Dismiss Plaintiff's Complaint as Untimely [ECF No. 8] is granted and Plaintiff's Complaint is hereby dismissed with prejudice. The case shall be marked closed.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge